IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TAMMY V.,**
**Respondent Below, Petitioner**

**FILED**
**February 27, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-319**   (Fam. Ct. Grant Cnty. No. FC-12-2014-D-61)

**KENNETH D.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammy V.[1] appeals the Family Court of Grant County's June 26, 2023, order which held that her income tax refund be credited to Respondent Kenneth D.'s child support arrearage. Respondent Kenneth D. did not participate in the appeal. The Bureau for Child Support Enforcement ("BCSE") filed a brief in support of the family court's decision.[2] Tammy V. filed a timely reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on March 4, 1995, and divorced by a final divorce order entered on April 22, 2015. Three children were born of the marriage, all of whom are now adults. Pursuant to the final divorce order, Kenneth D. was ordered to pay $730 per month in child support. Also, Paragraph 8A of the final order designated Tammy V. as the primary residential parent for tax purposes but paragraph 15 designated the same to Kenneth D.

Sometime in 2019, Tammy V. filed a petition for contempt against Kenneth D. regarding his failure to pay child support. By an order entered on November 27, 2019, the family court granted a judgment against Kenneth D. for $21,307.39 for his child support arrearage.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Tammy V. is self-represented. The BCSE is represented by Mark L. French, Esq.

A second contempt hearing was held on November 24, 2020, regarding Kenneth D.'s not claiming the children on his taxes pursuant to the family court's November 22, 2019, order. The family court entered its order on November 30, 2020, which clarified Kenneth D. as the children's custodial parent for tax purposes, but also stated, "[i]f [Tammy V.] becomes employed . . . she shall bring this matter back for modification."

Sometime thereafter, Tammy V. filed a motion to reconsider the November 30, 2020, order. On August 12, 2021, a hearing was held on Tammy V.'s motion. The family court entered its order on August 20, 2021, and noted "[t]hat at the prior hearing [Tammy V.] represented that she was receiving social security and did not file taxes." Accordingly, the family court held, "in light of the fact that [Tammy V.], who was given the ability to claim the minor children as credits . . . cannot benefit from doing so . . . if the [c]ourt does not grant [Kenneth D.] the right to do so, then the opportunity would be lost for anybody to benefit from said child tax credit." Upon learning of the family court reasoning for designating Kenneth D. as the primary parent for tax purposes, Tammy V., by counsel, withdrew all requested relief in her motion for reconsideration and Kenneth D. remained designated as the primary residential parent for tax purposes.

On March 13, 2023, the BCSE filed a petition for child support modification on Kenneth D.'s behalf, due to certain medical conditions he was suffering. During the modification hearing, the family court became aware that Tammy V. had claimed the minor child on her 2022 taxes and received a $1,496 tax refund, which was contrary to the family court's previous orders. The family court entered its modification order on June 26, 2023, and in that order, held that Tammy V.'s tax refund would be credited to Kenneth D.'s child support arrearage. It is from that order that Tammy V. now appeals.

For these matters, we use the following standard of review.

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Tammy V. raises one assignment of error. She asserts that the family court erred when it credited her 2022 tax refund to Kenneth D.'s child support arrearage.

2

We disagree. West Virginia Code § 48-9-602 (2001)[3] gives the family court authority to designate which parent may claim the child on their taxes. Here, the family court consistently designated Kenneth D. as the primary residential parent of the children for tax purposes because Tammy V. received social security and could not claim them as dependents. Additionally, because Tammy V. had violated the family court's orders by claiming the child on her taxes, she could have been held in contempt. Rather than holding Tammy V. in contempt, the family court acted in accordance with West Virginia Code § 51-2A-9(b) (2012), which states, "[a] family court judge may enforce compliance with his or her lawful orders with remedial or coercive sanctions designed to compensate a complainant for losses sustained . . . ." Therefore, we find no error or abuse of discretion in the family court's decision.

Accordingly, we affirm the family court's June 26, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[3] West Virginia Code § 48-9-602 (2001) states:

Solely for the purposes of all other state and federal statutes which require a designation or determination of custody, a parenting plan shall designate the parent with whom the child is scheduled to reside the majority of the time as the custodian of the child. However, this designation shall not affect either parent's rights and responsibilities under a parenting plan. In the absence of such a designation, the parent with whom the child is scheduled to reside the majority of the time is deemed to be the custodian of the child for the purposes of such federal and state statutes.